IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,

    Plaintiff,

v.                                                                             4:21cv495–WS/MJF

CENTURION OF FLORIDA, LLC,
et al.,

    Defendants.

_____

## ORDER OF DISMISSAL

Before the court is the magistrate judge's report and recommendation (ECF No. 16) docketed March 25, 2022. The magistrate judge recommends that the plaintiff's case be dismissed for maliciousness, pursuant to 28 U.S.C. § 1915A(b)(1), based on Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his prior litigation history. The plaintiff has filed objections (ECF No. 17) to the magistrate judge's report and recommendation.

The magistrate judge determined that Plaintiff failed to disclose in his second amended complaint (ECF No. 14) two cases filed in the Southern District of Florida in 2017, *Casey v. Dep't of Corr.*, No. 2:17cv14073–RLR, and *Casey v.*

*Jones*, No. 1:17cv21798–KMW. What Plaintiff *did* disclose in his second amended complaint was no less than thirty (30) cases filed in various federal courts, a number of which he identified as having been dismissed as a "strike." He added:

> I cannot provide any further information because non-active records are not storable in the FDOC. I have been transferred many times and the records have been lost during transport from prison to prison through no fault of my own. If the records are deficient in any way, it is not meant for deceit or abuse of the courts with dishonesty.

ECF No. 14, p.17.

In his objections, Plaintiff explains that, on February 27, 2022, three weeks before he filed his second amended complaint on March 21, he wrote to the Clerk of Court in the Southern District of Florida requesting a list of his prior case filings "so that [he could] apply for waiver of filing fees." ECF No. 17, p. 4. The Clerk did not send the requested information to Plaintiff but, instead, responded that Plaintiff's letter was not accepted for filing because it did not cite a case number. Plaintiff objects to the magistrate judge's finding of maliciousness, asserting that he did not intend to deceive the court and did his best to comply with the form's disclosure requirement.

On this record, the undersigned declines to dismiss for maliciousness pursuant to 28 U.S.C. § 1915A(b)(1). Dismissal is nonetheless required under the three strikes provision of 28 U.S.C. § 1915(g). That provision prohibits a prisoner

from bringing a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g). Plaintiff does not dispute that he is a "three striker." While he alleges that he is in imminent danger of serious physical injury,[1] his allegations are insufficient to trigger the "imminent danger" exception to dismissal under § 1915(g).

As did the magistrate judge, the undersigned finds that Plaintiff's second amended complaint must be dismissed without prejudice, albeit pursuant to the three-strikes provision of § 1915(g) rather than the maliciousness provision of § 1915A(b)(1). Accordingly, it is ORDERED:

1. Plaintiff's second amended complaint and this action are hereby DISMISSED pursuant to 28 U.S.C. § 1915(g) and without prejudice to Plaintiff's initiating a new cause of action accompanied by the $402.00 filing fee.

---

[1] Plaintiff alleges that he is in imminent danger because he suffers from eczema-related open sores that make him susceptible to MRSA blood infections that may lead to death and because he has a skin cancer that "has not been tested for malignancy to determine whether metastizing [sic] has occurred leading to incurable skin disability that causes death." ECF No. 14, p. 5. These allegations are vague and conclusory and do not show that, at the time he filed his second amended complaint, he was in "imminent danger of serious physical injury."

2. The clerk shall enter judgment stating: Plaintiff's claims are dismissed without prejudice.

3. Plaintiff's motion (ECF No. 15) for leave to proceed *in forma pauperis* is DENIED.

4. The clerk shall close the case.

DONE AND ORDERED this   9th   day of   May  , 2022.

                      s/ William Stafford
                      WILLIAM STAFFORD
                      SENIOR UNITED STATES DISTRICT JUDGE